UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-61062-CIV-COHN

THOMAS SCOTTO,

    Plaintiff,

v.

JUDGE LAURA WATSON, et al.,

    Defendants.

_____/

## ORDER DISMISSING CASE WITH PREJUDICE

**THIS CAUSE** is before the Court on Plaintiff's *pro se* Complaint Under 42 U.S.C. § 1983 [DE 1] ("Complaint") and Plaintiff's Application to Proceed Without Prepaying Fees or Costs [DE 3] ("Application").  The Court has carefully reviewed the Complaint and Application and is otherwise fully advised in the premises.

Before considering Plaintiff's Application, the Court must conduct a screening of the Complaint in accordance with 28 U.S.C. § 1915(e)(2)(B).  The Court is required to dismiss the Complaint upon finding that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).  A complaint is "frivolous" under § 1915(e)(2)(B)(i) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are governed by the same standard as those under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (holding that a complaint may survive a Rule 12(b)(6) motion to dismiss only if it

contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)" (footnote & citation omitted)); Ashcroft v. Iqbal, 555 U.S. 662, 678-79 (2009) (explaining that a court need not accept legal conclusions as true and that only well-pleaded factual allegations are entitled to an assumption of truth). Although *pro se* pleadings are held to a less stringent standard and construed liberally, see Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), a *pro se* complaint must satisfy the basic pleading requirements of applicable law and the Federal Rules of Civil Procedure.  See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

      Here, Plaintiff's 79-page Complaint is rambling and largely incomprehensible. In general, Plaintiff appears to allege a wide-ranging conspiracy by Defendants—two state-court judges, Plaintiff's ex-wife, and her attorney—in handling cases related to Plaintiff's divorce.  The Complaint seeks millions of dollars in compensatory and punitive damages, as well as various other remedies.

      Even construed liberally, the Court finds that Plaintiff's Complaint is frivolous, fails to state a claim for relief, and seeks monetary relief from immune Defendants. The Court therefore must dismiss this case.  Although the court "should freely give leave [to amend a pleading] when justice so requires," Fed. R. Civ. P. 15(a)(2), the court may dismiss an action with prejudice "if a more carefully drafted complaint could not state a claim." Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1213 (11th Cir. 2001) (internal quotation marks omitted).  Plaintiff's claims here lack any valid factual or legal basis, and no amount of re-drafting could cure that basic problem.  The Court thus concludes that dismissal with prejudice is appropriate.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the above-styled action is **DISMISSED WITH PREJUDICE**;

2. Plaintiff's Application to Proceed Without Prepaying Fees or Costs [DE 3] is **DENIED**; and

3. The Court will enter a separate Final Judgment consistent with this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 5th day of June, 2014.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:

Thomas Scotto, *pro se*
1805 Sans Souci Blvd., #202
Miami, FL  33181